JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03565-RGK-AGR | Date | April 28, 2020 |
|---|---|---|---|
| Title | A.D. v. Think Operations, LLC, et al | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On February 10, 2020, Plaintiff A.K. ("Plaintiff"), a minor, filed a Complaint in state court against Defendant Think Operations, LLC ("Defendant") alleging two claims: (1) common law misappropriation of likeness, and (2) statutory misappropriation of likeness, Cal. Civ. Code § 344. On April 17, 2020, Defendant removed the action to this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332.

28 U.S.C. § 1332 provides that district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

Here, the parties appear to be diverse. Plaintiff is a citizen of California and Defendant is a citizen of Texas. As for the amount in controversy, Plaintiff's Complaint is silent as to the precise amount of damages sought. In the Notice of Removal, Defendant points out that Plaintiff's Complaint seeks monetary and punitive damages. Defendant also asserts that "[p]rior to filing the Complaint, Plaintiff sent Defendant a settlement demand letter in which Plaintiff sought $200,000 to resolve Plaintiff's claims set forth in the Complaint." (Notice of Removal ¶ 12, ECF No. 1.)

Upon review, the Court is not satisfied that Defendant has satisfied its burden to show that the amount in controversy meets the jurisdictional requirement. Defendant makes no attempt to calculate

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03565-RGK-AGR | Date | April 28, 2020 |
|---|---|---|---|
| Title | *A.D. v. Think Operations, LLC, et al* | | |

damages, nor does it offer evidentiary support as to the existence and amount of punitive damages. The Court is unable to find a plausible allegation that the amount in controversy has been met. The fact that Plaintiff, at one time, made a settlement demand in excess of $75,000 does not alter the result that the amount in controversy has not been established. A settlement demand is "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim," but it is not dispositive. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Here, Defendant offers no evidence to suggest that Plaintiff's demand reasonably estimates the value of her claims. "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Thus, the Court concludes that it lacks subject matter jurisdiction over this case.

Accordingly, this case is hereby **REMANDED** to state court.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   _____